UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:23-CV-01360

JOHN DOE, On behalf of himself and all
others similarly situated,

      Plaintiff,

v.

VGW MALTA LTD., and
VGW LUCKYLAND, INC.,

      Defendants.

_____/

## **NOTICE OF REMOVAL**

Defendant VGW Malta Ltd. ("VGW Malta"), with the consent of Defendant VGW Luckyland, Inc. ("VGW Luckyland" and, together with VGW Malta, the "VGW Group"), by counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby specially appears for the purpose of this removal and, preserving all defenses, removes this civil action to the United States District Court for the Middle District of Florida from the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida.

In support of this Notice of Removal, VGW Malta states as follows:

1

# I.   <u>OVERVIEW</u>

1.     On May 3, 2023, Plaintiff "John Doe" (the "Anonymous Plaintiff") filed suit against the VGW Group in the Circuit Court of Seminole County, Florida, Case No. 23-CA-002760.  The VGW Group specializes in the development and publication of casino-themed social games on mobile apps and traditional internet browsers.  The Anonymous Plaintiff alleges that the VGW Group's games violate Florida law.

2.     VGW Luckyland operates the *Luckyland Slots* games.  VGW Luckyland is a Delaware company with its principal place of business in Delaware.  *See* Declaration of Michael Thunder ("Thunder Decl.") ¶ 3, filed herewith.  Thus, for purposes of diversity, VGW Luckyland is a citizen of Delaware.  *See* 28 U.S.C. § 1332(c)(1).

3.     VGW Malta operates the *Chumba Casino* games.  VGW Malta is a Maltese company with its principal place of business in Malta.  *See* Thunder Decl. ¶ 4. Thus, VGW Malta is a citizen of Malta, a foreign state.  *See* 28 U.S.C. § 1332(c)(1).

4.     VGW Malta has not yet been served with the summons and complaint in accordance with Florida Rule of Civil Procedure 1.070.  *See* Thunder Decl. ¶ 5. VGW Group did not become aware of the existence of this lawsuit until July 11, 2023, by way of notification from an unrelated company that received a copy of the summons and complaint directed to VGW Luckyland in Delaware but delivered to an old address with which VGW Luckyland was and is no longer associated.  *Id.* ¶ 6.

5.     Notwithstanding the lack of service, VGW Malta, by counsel, specially appears for the purpose of this removal and reserves all defenses, including, but not

limited to, insufficient service of process.  *See Kostelac v. Allianz Global Corp. & Specialty AG*, 517 Fed. App'x 670, 674 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses[.]"); *see also* Fed. R. Civ. P. 12(b)(5) (defense of "insufficient service of process" not waived by removal).

6.    VGW Malta is filing this Notice of Removal within 30 days of its receipt (albeit not through proper service) of a copy of the initial pleading.  Accordingly, this removal is timely pursuant to 28 U.S.C. § 1446(b).

7.    Pursuant to § 1446(a), attached hereto as **Exhibit A** is a copy of all process, pleadings, and orders filed in the state case to date.

8.    As VGW Malta has not been served with the summons and complaint, it has not filed any responsive pleadings in the Circuit Court of Seminole County.  Nor has VGW Luckyland filed any responsive pleadings, as VGW Luckyland was not made aware of this lawsuit until July 11, 2023, notwithstanding the alleged service by delivery to VGW Luckyland's old, vacated address in Delaware – which was not a valid address for service at the time service was attempted.  Thunder Decl. ¶ 6.

9.    Undersigned counsel has recently been retained to represent VGW Group in this case and hereby confirms that VGW Luckyland also specially appears for the purpose of this removal and, reserving all defenses, consents and joins in the removal of the action by VGW Malta.

10.    A copy of this Notice of Removal will be filed with the Circuit Court of Seminole County, Florida, and a copy will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

3

11.     Anonymous Plaintiff alleges in this case that the VGW Group's games are unlawful contests of chance under Florida law.   Ex. A, Compl. ¶¶ 69-71. Anonymous Plaintiff seeks certification of this case as a class action on behalf of himself and all other individuals in Florida who made purchases on the VGW Group's *Luckyland Slots* and *Chumba Casino* games during the applicable limitations period.  *Id.* ¶ 60.  Anonymous Plaintiff seeks to recover on behalf of himself and the putative class all amounts spent by all players in Florida on the *Luckyland Slots* and *Chumba Casino* games over at least the four years preceding the filing of the complaint.  Ex. A, Compl. ¶ 68 (making claim under Chapter 849 of Florida statutes) and ¶ 91 (claim under Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.211); *see also* Fla. Stat. § 95.11(3) (establishing four-year statute of limitations for actions of this nature).

12.     Removal is based upon 28 U.S.C. §§ 1332(d)(2) and 1441(a).  As set forth below, removal is proper because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and there is diversity of citizenship among the parties.

## II.     JURISDICTION AND VENUE

13.     By removing this action, the VGW Group does not consent to this Court's exercise of personal jurisdiction over it in this action and reserves the right to move for dismissal on that ground.  *See Kostelac*, 517 Fed. App'x at 674 n.6.

14.     Subject matter jurisdiction is based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because (1) the putative class members are citizens of Florida and neither of the VGW Group entities is a citizen of Florida (*see* Complaint ¶¶ 14, 60; *see also* Thunder Decl. ¶¶ 3-4); and (2) the amount in controversy exceeds

4

$5,000,000, exclusive of interest and costs (*see* Thunder Decl. ¶ 9).  *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 756 (11th Cir. 2010) (concluding defendants could "submit [their] own evidence in order to satisfy the jurisdictional requirements of removal," including defendants' own affidavits, declarations, or other documents).

15.     Venue is proper in the Middle District of Florida, Orlando Division, because the state court action was filed in the Circuit Court of Seminole County, Florida.  Thus, this Court is the "the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

### III.    GROUNDS FOR REMOVAL

16.     Removal of this case is proper under 28 U.S.C. §§ 1441(a) and 1332(d)(2). Together, these statutes allow for the removal of any putative class action in which any member of the putative class is a citizen of a different state from any defendant and the amount in controversy exceeds $5,000,000, provided none of the grounds for mandatory decline of CAFA jurisdiction exist.  *See* 28 U.S.C. § 1332(d)(4).

17.     Diversity of citizenship exists under 28 U.S.C. § 1332(d)(2) because the Anonymous Plaintiff and all putative class members are citizens of Florida and neither of the VGW Group entities is a citizen of Florida.  *See* Complaint ¶¶ 14, 60; *see also* Thunder Decl. ¶¶ 3-4.  Because neither VGW Group entity is a citizen of Florida, none of the exceptions to CAFA jurisdiction apply.  *See* 28 U.S.C. §§ 1332(d)(3)-(4).

18.     The amount in controversy exceeds $5,000,000, exclusive of interest and costs (Thunder Decl. ¶ 9), and there is diversity between the Anonymous Plaintiff and putative class, on the one hand, and the VGW Group on the other hand (*see supra* ¶

17).  Thus, CAFA jurisdiction exists under 28 U.S.C. § 1332(d)(2).  Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1441(a) and 1332(d)(2).

19.     Removal is timely in that VGW Malta has not yet been served in the action, and neither VGW Malta nor VGW Luckyland became aware of the action until July 11, 2023.  *See, e.g., Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008); *Smith v. Burns*, 2018 WL 3625787, *1 (M.D. Fla. June 19, 2018).

## IV.   <u>CONCLUSION</u>

20.     Removal of this action is proper under 28 U.S.C. §§ 1441 and 1332(d)(2).

21.     The VGW Group reserves all its defenses.

WHEREFORE, VGW Malta, with consent and joinder of VGW Luckyland, hereby removes this action from the Circuit Court of Seminole County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division.  This Notice has been served on all counsel of record on the date and manner stated in the Certificate of Service.

Dated:  July 19, 2023                    Respectfully Submitted,

/s/ ***T. Todd Pittenger***
T. Todd Pittenger – Lead Counsel
Florida Bar No. 768936
todd.pittenger@gray-robinson.com
Kelly J. H. Garcia
Florida Bar No. 0694851
kelly.garcia@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32801
(407) 843-8880 Tel/(407) 244-5690 Facsimile
*Counsel for Defendants VGW Malta Ltd. and
VGW Luckyland, Inc.*

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of July 2023, I electronically filed the foregoing with the Clerk of the Court by using the CMECF system. I also HEREBY CERTIFY a copy of the foregoing was served by e-mail to Anonymous Plaintiff's counsel: Dennis Wells, Webb & Wells, P.A., P.O. Box 915432, Longwood, FL 32779, denniswells2@icloud.com.

/s/ *T. Todd Pittenger*
T. Todd Pittenger, Esq.
GrayRobinson, P.A.