# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOHN DOE,**

                **Plaintiff,**

**v.**                            **Case No: 6:23-cv-1360-WWB-DCI**

**VGW MALTA LTD. and VGW
LUCKYLAND, INC.,**

                **Defendants.**

---

# ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion to Proceed Anonymously (Doc. 21)** |
| **FILED:** | **August 14, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED.**

## I.    Background

Plaintiff, proceeding anonymously under the pseudonym "John Doe," filed suit against the VGW Group (VGW or Defendants) in the Circuit Court of Seminole County on behalf of himself and a putative class. Doc. 1. Defendants removed this action on the basis of the Court's diversity jurisdiction. *Id*. VGW specializes in the development and publication of casino-themed social games on mobile apps and traditional internet browsers. *Id*. Plaintiff alleges that VGW's games violate Florida law and seeks an injunction preventing VGW from continuing to promote, market,

and operate their games in Florida.  *Id.* Plaintiff seeks to proceed with his claim anonymously.

Doc. 21 (the Motion).  Defendants have opposed that request.  Doc. 29.

## II.    Legal Standard

With respect to proceeding anonymously, the Eleventh Circuit summarized the relevant

legal principles in *Doe v. Neverson*:

> Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." [*Plaintiff B. v. Francis*, 631 F.3d 1210, 1315 (11th Cir. 2011)]. A party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).
>
> Whether a party's right to privacy outweighs the presumption of openness is a "totality-of-the-circumstances question." *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 N.5 (11th Cir. 2020). We have said that the "first step" is to consider whether the party seeking anonymity "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* at 1247. Along with these factors, a court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Francis*, 631 F.3d at 1316). For example, we have also considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Francis*, 631 F.3d at 1316 (citations omitted).

820 F. App'x 984, 986-87 (11th Cir. 2020).

## III.    Discussion

Plaintiff seeks to proceed anonymously for two reasons: (1) Plaintiff asserts that he risks criminal prosecution under Florida Statutes, Section 849.08; and (2) Plaintiff asserts that he may be subject to intimidation and harassment from aggrieved third parties.  Doc. 21 at 2-3.  Plaintiff contends that "[b]y revealing the identity of JOHN DOE and the other similarly situated individuals they could be compelled, absent anonymity, to potentially admit an intent to engage in illegal conduct ('gambling') and thus risk potential criminal prosecution" under Florida law.  Doc. 21 at 3.  Further, Plaintiff contends that "because [he] could be perceived as the cause of the issuance of a possible injunction prohibiting the marketing, operations and use of Defendants websites throughout the state of Florida" he will be subject to potential harassment and intimidation on social media platforms.  *Id.* at 3-4.

Based on the foregoing, Plaintiff's privacy argument is primarily based on the "risk of criminal prosecution" factor discussed in *Neverson*.  Plaintiff is not challenging government activity and is not alleging that he would be compelled to disclose information of the "utmost intimacy" if this Motion was denied.  As for Plaintiff's contention that he risks intimidation and harassment, he seems to rely on the novel position that if he is successful in obtaining an injunction "social ostracization based upon militant [religiouslike] [sic] attitudes" will fall upon him, and reactions from "addicted gamblers who could fear this case is an attack on their religion" will lead to threats of violence against him.  The Court finds neither of these arguments convincing.

### A.  Disclosure of Plaintiff's identity will not subject him to prosecution under Florida law.

Plaintiff correctly notes that under Florida Statues, Section 849.08, anyone who participates in unlawful gambling may be guilty of a misdemeanor.  Doc. 21 at 2.  However, contrary to Plaintiff's contentions, Section 849.08 expressly states that a party who brings suit

under the statute—which Plaintiff has done—cannot be prosecuted for any allegedly unlawful gambling transaction engaged in that is the subject of the suit:

> If the loser of money or thing of value involved in a suit brought under authorization of ss. 849.26-849.34, whether by her or him or by someone else, voluntarily attends or produces evidence in such suit, the loser shall not be prosecuted or subjected to any penalty for or on account of any transaction, matter or thing concerning which she or he may so testify or produce evidence, and no testimony so given or produced shall be received against her or him upon any criminal investigation or prosecution. Also, neither the fact of the bringing of suit under this act by a loser nor any statement or admission in her or his pleadings which is material and relevant to the subject matter of the suit shall be received against the loser upon any criminal investigation or proceeding.

Fla. Stat. § 849.31.

Plaintiff cites to three cases in support of his proposition that courts have recognized similar situations in which a plaintiff's identity should be concealed. Doc. 21 at 3. Plaintiff contends that these cases "recognize" that the risk of exposing the plaintiff to criminal prosecution "is a legitimate basis for allowing" the plaintiff to appear anonymously. *Id.*

First, Plaintiff attempts to rely upon *Doe v. Vasquez*, No. 2:22-cv-200-JLB-KCD, 2022 WL 3099254 (M.D. Fla. Aug. 4, 2022). In *Vasquez*, the court allowed the plaintiff to appear anonymously in her civil suit against a professional baseball player for sexually assaulting her when she was a minor. In making that determination, the court found that the plaintiff would be compelled to disclose information of "the utmost intimacy" concerning the sexual assault against her. *Id.* at *1. Further, the court found that the plaintiff would be subjected to threats of violence given the defendant's "celebrity status and the extensive media attention" surrounding the case. *Id.* at *2. As such, none of the court's reasoning hinged on potentially exposing the plaintiff to criminal prosecution—this Court fails to see how the facts of *Vasquez* are analogous to the present case, and therefore, finds it unpersuasive.

Second, Plaintiff attempts to rely upon *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992).  In *Frank*, the Eleventh Circuit affirmed the trial court's denial of a postal worker's motion to proceed anonymously in his suit against the federal government for wrongful termination on account of his alcoholism.  *Id.*  Both the trial court and the Eleventh Circuit rejected the plaintiff's argument that he should be permitted to proceed anonymously since "he will have to face the disapproval of many in his community if he is required to prosecute this case under his real name."  *Id.* at 324.  Ultimately, the Eleventh Circuit found the fact that the plaintiff "may suffer some personal embarrassment, standing alone, does not require the granting of his request to proceed under a pseudonym."  *Id.*  Notably, *Frank* did not involve a claim that the plaintiff would be subject to criminal prosecution absent the ability to proceed anonymously.  As such, this Court finds *Frank* unpersuasive for Plaintiff's contentions.

Third, Plaintiff attempts to rely upon *Favalora v. Sidaway*, 996 So. 2d 895 (Fla. Dist. Ct. App. 2008).  In *Favalora*, the plaintiff sought to compel the Archbishop of the Catholic Archdiocese of Miami to disclose the real names of other "alleged victims of sexual abuse" who had filed suit against the clergy under a pseudonym.  *Id.* at 896.  The court denied the request because "the publication of their names would violate their rights to keep the alleged sexual abuse private."  *Id.* at 899.  This Court does not find this case analogous to the present case, and as such, finds it unpersuasive for Plaintiff's contentions.

In sum, Plaintiff's central argument that he should be able to proceed anonymously because he could face criminal prosecution if his identity were disclosed is lacking merit.  Plaintiff's argument mischaracterizes the relevant Florida statute, and his reliance on inapposite case law is unpersuasive in advancing his position.

**B. Plaintiff's speculative concern that third parties may be scornful and advance threats of violence against him is not a valid basis for him to remain anonymous.**

Plaintiff contends that "the community of internet gambling consumers have already shown that they are capable of spreading criticism, and even scorn against a consumer / gambler that has challenged the Defendants' internet gambling operations." Doc. 21 at 8. Plaintiff argues that "[t]his type of scorn can lead to threats of violence against Plaintiff[.]" *Id.* at 9. In advancing the argument that this warrants maintaining anonymity, Plaintiff primarily relies upon *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981). In *Stegall*, the court granted anonymity to a mother and her children who were "challenging the constitutionality of prayer and Bible reading exercises in Mississippi public schools." *Id.* at 181. The *Stegall* court granted anonymity because (1) the plaintiffs were challenging government activity; (2) the plaintiffs included children; (3) by challenging religious instruction the plaintiffs had "invited an opprobrium analogous to the infamy associated with criminal behavior;" and (4) there was evidence in the record that the plaintiffs may face "extensive harassment and perhaps even violent reprisals if their identities are disclosed." *Id.* at 186. And as the court so aptly noted, "[t]he threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Id.*

The facts of *Stegall* are decidedly not analogous to the present case. In fact, Plaintiff has failed to cite to a single case that advances his position that speculative concerns about third party reactions to a lawsuit warrant maintaining anonymity. In a similar case, the Court found that the plaintiffs' "reputational concerns and fear of future harassment and risk of harm" was "still mostly based on pure speculation." *E.K. v. Walt Disney Parks and Resorts U.S., Inc.*, No. 6:22-cv-1919-RBD-DCI, 2022 WL 17582554, *3 (M.D. Fla. Dec. 12, 2022). Likewise, in the present case, Plaintiff's fears of future harassment are largely based on pure speculation.

Plaintiff argues that the treatment of a similarly situated plaintiff in another district warrants that this Court find anonymity is necessary in the present case.  Plaintiff points to a Kentucky case in which a similarly situated plaintiff sued Defendants seeking an injunction.  Doc. 21-1, ¶ 28; Ex. B.  Plaintiff has attached screenshots of social media posts criticizing the plaintiff in that case.  Doc. 21, Ex. C.  While this Court is mindful of the discomfort that arises from being criticized on social media, nothing in the record indicates that there is any verifiable risk of harm to Plaintiff that rises to the level of that seen in a case like *Stegall*.  "Plaintiff['s] concerns are more akin to the fear of personal embarrassment and [his] argument and evidence does not outweigh the interest in proceeding publicly." *E.K.*, 2022 WL 17582554 at *3.

Thus, it is **ORDERED** that Plaintiff's Motion to Proceed Anonymously (Doc. 21) is **DENIED.**

**ORDERED** in Orlando, Florida on September 26, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE